### The People v. Nazaire Marion.

*Informations: Uttering a forged instrument: Specifying the forgery.* While, according to the precedents and authorities, it is not absolutely necessary in an information for uttering and publishing as true a forged instrument, etc., to set out particularly in what the forgery consisted, yet it is usual to do so in at least one count, and as an instrument may be forged in a great variety of ways, fairness to the accused would seem to require it, and the practice of omitting such statement is not to be commended.

*Informations: Variance.* But where the prosecutor undertakes to set out in what the forgery consisted, he is bound to state it truly, so as not to mislead the defendant, and to prove it as stated.

PEOPLE *v.* MARION.

*Informations: Uttering forged instrument: Allegation of specific forgery: Variance.* The information in this case was for uttering, etc. a forged letter of attorney, which is described as purporting to be executed by certain persons named, and to be acknowledged before one Castello, a notary public, etc., and to have his signature attested by certificate of one Smith, clerk of the district court, etc., and it sets forth specifically that the signatures of Castello and Smith were false, forged and counterfeited, but does not allege that the other signatures were forged; and it is held that these allegations must be considered as so far descriptive of the instrument that the prosecutor was bound to prove the forgery of at least one, if not both, of the names alleged to be forged; and a conviction had in the absence of such proof, and upon evidence only of the forgery of the other signatures, is set aside.

*Heard October 22.    Decided October 28.*

Exceptions from the Recorder's Court of Detroit.

*Byron D. Ball, Attorney General, S. Larned* and *Henry M. Cheever,* for the People.

*Alfred Russell* and *J. Logan Chipman,* for the respondent.

CHRISTIANCY, CH. J.

The plaintiff in error (defendant below) was tried and convicted in the recorder's court of the city of Detroit upon an information charging him with feloniously uttering and publishing as true, a false, forged, and counterfeited letter of attorney, knowing the same to be false, forged, and counterfeited, with the intent to injure and defraud, etc.

The forged letter of attorney is described in the information in the following words: "A certain false, forged, and counterfeited letter of attorney, which said false, forged, and counterfeited letter of attorney purported to be executed by Felix Mette, Charles Mette, Adeline Clark, and Anna McLelland to one Joseph Trombley, for the purpose of authorizing said Trombley to sell certain lands in the township of Springwells, county of Wayne and state of Michigan, and which false, forged, and counterfeited letter of attorney also purported to be acknowledged before one Aaron Castello, a notary public, of Almeda county, Califor-

nia, and purported further to have the signature of said Aaron Castello attested by certificate of Louis B. Smith, clerk of the district court of said county, which said signatures of said Aaron Castello and Louis B. Smith were false, forged, and counterfeited."

Evidence was given tending to show that the names of Felix Mette, Charles Mette, Adeline Clark, and Anna McLelland were forged, but none tending to show that those of Castello and Smith, or either of them, were forged.

According to the precedents and authorities it was not absolutely necessary in this information, to set out particulary in what the forgery consisted, though it is usual to set this out in at least one count of the indictment; and as an instrument may be forged in a great variety of ways, and any mere alteration which would (if true) change its legal effect will constitute a forgery of the instrument as a whole, fairness to the accused would seem to require such statement, that he may have notice of what is intended to be proved against him, so that he may prepare to meet the charge ; the practice of omitting such statement, is not therefore to be commended.

But if it was not necessary to set out in what the forgery was claimed to consist, it was at least necessary, when the prosecutor did undertake to set it out, that he should state it truly, so as not to mislead the defendant. And so far as the prosecutor took upon himself to describe the instrument claimed to be forged, he was bound to prove it as described: otherwise he might charge the defendant with uttering one forged instrument, and convict him for the uttering of another of a different description, which he had no reason to expect would be introduced against him, and no fair opportunity to defend against it.

As every man is presumed to be innocent until proved to be guilty, he must be presumed also to be ignorant of what is intended to be proved against him, except as he is informed by the indictment or information.

Now, if the charge in this information had been pre-

sented against me, I confess I should have believed in entire good faith, that the prosecutor intended to try me for having uttered and published as true, a paper purporting to be a letter of attorney, the forgery of which was claimed to consist only in signing thereto the names of Aaron Castello as notary, and Louis B. Smith as clerk, etc. What other inference could I draw, when, though he might have omitted to state at all in what particulars he claimed the instrument to be forged, he has, nevertheless, pointed out these two particulars in which he asserts it to be forged, and has not claimed it to be false or forged in any other particular? Under this information, therefore, I am inclined to the opinion, that no proof of the forgery in any other particular, would have been admissible, if objected to. But no objection upon this precise ground seems to have been taken, and I therefore give no definite opinion upon it.

But it is admitted that no evidence was given or attempted to be given tending to show the forgery of the names of Castello or Smith, the only ones alleged to be forged. And when the letter or power of attorney was offered, it was objected to on the express ground, that the paper was not the paper set forth in the information. And the court was requested, but refused, to charge that there was no such evidence, and that the jury could not find the defendant guilty without proving that the names of Castello and Smith were forged. This objection was, I think, well taken. The defendant was charged with uttering an instrument having upon it the forged name of Castello as notary to an ostensible certificate of acknowledgment, and the forged name of Smith to what purported to be a certificate of the clerk; and the paper was not alleged to be forged in any other particular. Under such circumstances I think these allegations must be considered as so far descriptive of the instrument, that the prosecutor was bound to prove the forgery of at least one, if not both of the names alleged to be forged.

It is true the instrument might be read without first

proving these facts, and evidence of these facts might have been afterwards introduced; but here there was no such evidence at any stage of the trial.

It is unnecessary to notice the other questions raised.

It must therefore be certified to the recorder's court, that in the opinion of this court the verdict should be set aside and a new trial awarded.

The other Justices concurred.