SAMUEL ROUNDS, plaintiff in error, *vs.* STATE OF MAINE.

Cumberland. Opinion December 22, 1885.

*Forgery. Indictment. Pleading. Practice.*

An indictment for forging an order on a savings bank, may properly allege that the intent of the forger was to defraud the person whose name is forged; and such intent will be conclusively presumed from the fact of forgery without further proof.

A general verdict was rendered against a person accused of forging an order on a bank; one count in the indictment alleging the intent to have been to defraud the bank, and other counts to defraud the pretended drawer of the order, and after verdict the first named count was removed by *nolle prosequi.* *Held,* that the record is not thereby rendered erroneous. It is immaterial whether the jury based the verdict on one count or on all the counts; the offense was one and the same under each count, and there is no repugnancy between the counts.

*State* v. *Rounds,* 76 Maine, 123, affirmed.

ON REPORT on the writ and record.

Writ of error which contained the following assignment of errors.

"And now, on the fifth day of June, in the year of our Lord one thousand eight hundred and eighty-four, comes Samuel Rounds, who is now held on a judgment, warrant and process of

the superior court within and for the county of Cumberland and State of Maine, on an indictment wherein the said State of Maine proceeded against him, the said Samuel Rounds, and on said judgment said court ordered the said Samuel Rounds to be punished by confinement to hard labor for the term of three years, and that said sentence be executed upon him in and within the precincts of our State prison situate at Thomaston in our county of Knox; and says that in the judgment, record and process aforesaid, against him, the said Samuel Rounds, there is manifest error, to wit:

"1. That by said indictment and record it appears that the plaintiff in error was in the indictment charged with three separate and distinct offences; that said indictment by the two first counts charged the said plaintiff in error with forging an order with intent to defraud and injure Frank E. Snow, the third count charged the plaintiff in error with uttering and publishing as true a false, forged and counterfeit order with intent to defraud and injure Frank E. Snow, and the fourth count charged the said plaintiff in error with forging an order with intent to defraud and injure the Maine Savings Bank; that the jury returned a general verdict of guilty; that when said verdict was so returned and affirmed said indictment contained four counts; that after said verdict and before judgment a *nolle prosequi* was entered to the two last counts in said indictment.

"2. That in and by said record and indictment it appears that the court instructed the jury as follows: 'The attorney for the respondent has requested me to instruct you that because no legal evidence has been offered as to the corporate existence of the Maine Savings Bank, you should return a verdict of not guilty in favor of this respondent. For the purpose of this case I rule that such proof is not necessary in order to establish the allegations in the first and second counts in this indictment which charges the forgery with intent to defraud and injure Frank E. Snow. The last count in the indictment charges the crime of forgery with intent to defraud the Maine Savings Bank, consequently you will confine your attention to the first and second counts in the indictment,' and that the court allowed the jury to

return a general verdict of guilty on all the counts in said indictment and received and affirmed said general verdict.

" 3. That by the verdict as returned by the jury and affirmed by the court the plaintiff in error was found guilty on the last count in said indictment; that said count had been removed by a *nolle prosequi* before judgment.

" 4. That after the last two counts in said indictment had been *nol prossed* the indictment stated no offence in law against the plaintiff in error.

" 5. That the allegation contained in the first and second counts of the indictment, that the order set out in said counts was forged with intent to defraud and injure Frank E. Snow, is inconsistent in law with the order, as by that order Frank E. Snow could not be injured or defrauded.

" 6. That the presiding judge should have directed a verdict of acquittal on the last count in the indictment and not have submitted to the determination of the jury the question of the respondent's guilt upon that count.

" 7. That the order set out in each count of the indictment is inconsistent with the material allegations in the first two counts of said indictment.

" 8. That the material allegations contained in said indictment as it stood after a *nolle prosequi* had been entered to the third and fourth counts of said indictment, was inconsistent with a verdict of guilty on the first and second counts of said indictment.

" 9. That the fourth count in said indictment was the only count sustained by the order introduced and set out in said indictment, and the entering a *nolle prosequi* to that count removed the only count upon which judgment could be legally pronounced.

" 10. That the court had no power to direct or allow a *nolle prosequi* to the last two counts contained in said indictment after a general verdict of guilty had been rendered.

" 11. That it appears by the indictment and record that the judgment and sentence of the court are illegal.

" 12. That it appears by the record that it was error on the part of the court to refuse to entertain the motion in arrest of judgment offered after a *nolle prosequi* had been entered to the last

two counts in said indictment, as the cause for the motion arose after the *nolle prosequi*, as until then the verdict was sustained upon the said last two counts in said indictment.

" 13. That in and by said record it appears that the jury who returned and affirmed said verdict of guilty against the plaintiff in error was not constituted according to the law of the land.

" 14. That in and by said record it appears that said jury who returned said verdict of guilty against said plaintiff in error acted without a legally appointed foreman.

" 15. The indictment and record after said *nolle prosequi* had been entered as aforesaid, showed a verdict so inconsistent with itself, and so uncertain in law, that no judgment could be entered upon it. "

*Harvey D. Hadlock*, for the plaintiff in error.

The plaintiff's writ of error should be sustained, because of the errors which appear in the assignments numbered one to eleven inclusive.

The common form of an indictment for forgery sets out an intent to defraud a particular person, and this intent must always be proved as laid. 1 Stark Crim. Pld. (2d Ed.) 112–180; 3 Chitty Crim. Law, 1042. And if for any reason the person could not, as the case appears in proof, be defrauded by the writing, the defendant is to be acquitted. 2 Bishop's Crim. Law, (7 ed.) § 543.

Every thing which is the natural consequence of the act must be taken to be the intention of the person. *Reg.* v. *Cooke*, 8 C. & P. 582; *Rex* v. *Mazagora*, *R. & R. C. C. R.* 291; *Reg.* v. *Marcus*, 2 C. & K. 356. The intent to defraud is an indispensable ingredient in forgery, and is of the very *gist* of the offence. *Com.* v. *Ladd*, 15 Mass. 526. The false making of an instrument without such an intent, will not suffice. *Fox* v. *People*, 1 N. W. Reptr. 702. There must be an intent to defraud some particular person, and the indictment must specify such person. *Barnum* v. *State*, 15 Ohio, 717; *Williams* v. *State*, 51 Ga. 535. On the foregoing proposition of law I submit, that the order set out in the first and second counts of the indictment must be such an order as would defraud Frank E. Snow, in order

to sustain a verdict on those counts. That the order does not show an intent to defraud Frank E. Snow is apparent. *People* v. *Stearns*, 21 Wend. 409 ; *Clarke* v. *State*, 8 Ohio St. R. 630. 2 Wharton Criminal. Law, 1453 ; 2 Arch. Crim. Prac. 1604. *Com.* v. *Stephenson*, 11 Cush. 481 ; *U. S.* v. *Shelman*, 1 Baldw. 371 ; *State* v. *Rounds*, 76 Maine, 127. It is irregular where there are several counts for the same offence to take a verdict of guilty on more than one count. *Com.* v. *Fitchburg R. R.* 120 Mass. 372. When the *nolle prosequi* was entered it removed the only count on which judgment could be legally pronounced. The *nolle prosequi* did not change the record, nor make the verdict which the jury rendered any less inconsistent with itself, nor any more certain in law than it was before · such entry. *Com.* v. *Haskins*, 128 Mass. 60 ; Arch. Crim. Prac. Vol. 1, p. 574.

*Orville D. Baker*, attorney general, for the state.

PETERS, C. J. In this writ an error assigned is that the counts upon which judgment was rendered, cannot stand, because they allege that the forger's intent was to defraud Frank E. Snow. The forged order was in Snow's name as maker, and of the following tenor : " West Scarboro, January 19, 1882. To the Treasurer of the Maine Savings Bank. Pay to Samuel Rounds the full amount of deposit and interest on my account.

Frank E. Snow. "

It is contended that the counts should have alleged that the forger intended to defraud the bank or some person other than Snow ; and that there is an impropriety in alleging an intent to defraud Snow, because such a thing is an impossibility. We think otherwise.

It would not be unnatural to suppose that the intention of the forger (Rounds) was to defraud Snow, even if another purpose were coupled with it. If we recollect aright, the defense upon the trial of the indictment was, not that Snow signed the order with his own hand, but that Rounds signed it with the consent of Snow. Endeavoring to substantiate such an agency, when none existed, certainly makes it evident that the prime and particular intent was to defraud Snow.

In most cases of forging commercial paper perhaps the most obvious intent is to defraud some party upon whom the paper is passed. But may not circumstances exist in any case, rendering it possible that the purpose was to injure the person whose name is forged? Does not the forger oftentimes intend to succeed in establishing the feigned as a real signature? Are not deeds and wills falsely made with the idea that the papers will be effectual for the purposes intended by the fabricators? Are not forgeries sometimes so artfully executed that the persons whose names are simulated are sufferers from the act? It is certainly not an extreme idea, to say that, in all cases of forgery, there is in the mind of the perpetrator of the crime, an expectation, often of course not of any very definite character, that he is inflicting an injury upon the person whose name is wrongfully used. The criminal must be aware that such person may be in some peril of loss, and that he will be put to some expense or trouble to protect himself against the forgery.

The plaintiff in error supports his position with no authorities which are pertinent to the point. The authority of the cases and of the book-writers is the other way. Mr. Bishop says that the law presumes that the forger intended to defraud the person whose name is forged, and that the indictment may lay the intent accordingly, whatever the real fact may be. He further says of the forger: " He meant also to defraud the person to whom he passed or attempted to pass the forged writing for value and the pleader may so lay the intent, if he pleases, " 2 Bish. Crim. Pro. § 422. The doctrine is well supported by the cases cited by Mr. Bishop in the notes to his text. Other writers on criminal law are fully in accord with him. The old common-law assumed that the person whose name was forged was interested in procuring a conviction and he could not be a witness against the forger. Some American cases have followed the foreign precedents in this respect. See 2 Bish. Cr. Proc. § 429.

A further point of objection to the record is incidentally taken in the argument. It is said that the general verdict finds that the intent was either to defraud the bank or Snow, and removing by *nolle prosequi* the counts alleging fraud upon the bank, leaves

an uncertainty whether there was a finding of an intent to defraud Snow. This question was carefully considered and definitely settled when the case was up before. *State* v. *Rounds*, 76 Maine, 123.

It was there held immaterial whether the finding was that the respondent intended to defraud the bank or Snow. The offence was one and the same, whatever the intent. And the proof would be precisely the same, whether to show the one or the other intent. The allegation might be either way, and the result would be the same. It would not have been inconsistent to allege both intents in the same count. There is no inconsistency between them. Both may exist in the same mind at the same time. In fact, the allegation needed no proof. The respondent would not have been allowed to swear that his motive was to injure the bank and not Snow. Mr. Bishop says (2 Crim. Proc. § 427) : " Where the intent alleged is to defraud the person whose name is forged, it should be presumed from the forgery without further proof. "

The case of *Com.* v. *Haskins*, 128 Mass. 60, cited by the plaintiff in error, is not relevant. In that case there was a general verdict on different counts setting forth, not the same offence, but distinctly different offences, two distinct crimes entirely inconsistent with each other. Nor is *Com.* v. *Fitchburg R. R. Co.* 120 Mass. 372, also cited by plaintiff, a supporting authority ; although rather a radical decision, and differing somewhat from previous cases. In that case there were separate verdicts on counts setting out one offence in several different ways totally repugnant to one another. It required different and contradictory evidence to support the counts. A person cannot be killed in several different ways, as there alleged.

The cases cited in the former opinion clearly justify the conclusion there reached. *State* v. *Whittier*, 21 Maine, 341, covers the ground of the case. And *Regina* v. *Cooke*, 8 C. & P. 582, is a pertinent authority.

Judgment affirmed.

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.