## McDONNELL v. STATE.

### Opinion delivered December 2, 1893.

1. *Indictment—Forgery.*

   An indictment which alleges the *forging, counterfeiting and altering* of an instrument is not demurrable as charging more than offense.

2. *Indictment—Allegation of tenor.*

   In an indictment for forgery, the phrase, "in words and figures as follows, to-wit," imports an exact copy.

3. *Forgery—Variance.*

   An indictment for forging a school warrant, which is described as containing certain figures on its face, will not be sustained, without proving that the figures in question were upon the warrant when it passed out of defendant's possession.

4. *Forgery—Intent to defraud.*

   The charge of an intent to defraud several persons will be sustained by proof of intent to defraud any one of them.

5. *Expert testimony—Comparison of handwritings.*

   An expert may give his opinion whether certain writing was done by defendant, after comparing it with a letter already in the case admitted to be in defendant's handwriting.

Error to Faulkner Circuit Court.

JAMES S. THOMAS, Judge.

McDonnell was indicted for forgery. The indictment contained two counts, the first of which, omitting the caption and formal commencement, alleged as follows:

"The said Will McDonnell, on the 3rd day of February, A. D. 1891, in the county and State aforesaid, fraudulently and feloniously did forge, counterfeit and alter a certain writing on paper, purporting to be a school warrant, which said writing on paper is in words and figures as follows, to-wit:

'No. 32                    District School Fund,
                              District No. 38.
                         January the 30, 1891.
Treasurer of Faulkner County, Arkansas :

Pay to M. G. Bailey, or order, the sum of twenty-five ($25.00) dollars, for teaching school, out of the school fund.

                         J. A. OLIVER,
                         H. M. LAWRENCE,
                                      Directors.'

and being endorsed on the back 'Mr. M. G. Bailey,' and with the further endorsement on the back, to-wit :

"'Received on the within warrant $25.00 twenty-five dollars, in full payment.

February 3, 1891.          M. G. BAILEY,
                         W. McDONNELL.'

with intent then and there fraudulently and feloniously to obtain possession of the property of J. A. Oliver and H. M. Lawrence, and of S. P. C. Smith and of School District No. 38 of Faulkner county, Arkansas, against the peace and dignity of the State of Arkansas."

A second count of the indictment charged that defendant feloniously and fraudulently uttered the instrument which is set out in the first count. It is contended that there was a variance between the second count and the evidence, in that this count alleged that the warrant was endorsed by "Will McDonnell," when in fact it was endorsed by "W. McDonnell."

Defendant demurred to the indictment because it charged more than one offense, and because the facts stated did not constitute a public offense within the jurisdiction of the court. The demurrer was overruled, and defendant excepted.

The trial developed the following testimony on behalf of the State : Oliver testified : "In January, 1891, I was school director of School District No. 38, in Faulk-

ner county, Arkansas, as was also H. M. Lawrence. On the 30th of that month I drew a warrant on the treasurer of the county in favor of M. G. Bailey, a school teacher in the district, for twenty dollars, and signed said Lawrence's name to it, he having authorized me to do so. I recognize the warrant shown in court as the warrant I drew. I think I wrote in the face of the warrant the figures '$20.00.' I know nothing about the brackets around the figures, which are now ($25.00). The word 'five' has been inserted in the warrant since it left my hands." Lawrence and two other witnesses testified that they saw the warrant after it was issued, and that it was written for $20.00. Smith testified: "In January and February, 1891, I was treasurer of Faulkner county. On the 3rd day of February, 1891, the defendant brought the order here exhibited in court to me, and I paid him $25.00 on it. The word 'five' was written dimly with a pencil, and I was afraid it would rub out, and it would not then show $25.00 on its face as it showed payment of $25.00 on its back, and my recollection is that I wrote in the face of the warrant the figures and marks now found on same, to-wit, ($25.00), but I am not positive of this. Defendant and I had no conversation at the time about his making it good to me if there was anything wrong with it. I afterwards discovered that there was something wrong about the order." The State here introduced the warrant and read the same in evidence to the jury.

The defendant testified in his own behalf as follows: "I was running a gin for another party in the town of Greenbrier, in Faulkner county, Arkansas, in January, 1891, and went into the store of the witness, Moore, when one of them said to me that Bailey, a negro, had a school order for $20, which he wished to sell, and there were $2 or $3 in it if I wanted to buy it. I bought it, paying $18.50 or $19.50 for it. Did not look at it. Took

Mr. Moore's word for the amount.    I afterwards gave
the order to one Buno, requesting him to carry it to town
and get it cashed for me, but he gave it back to me the
next day.    Sometime afterwards I came down to Con-
way and saw Treasurer Smith, and when I gave the
order to him he called my attention to the fact that the
order was for $25, and I told him I understood it was for
$20, and if there was anything wrong about it I would
correct it.   I identify the letter shown to me by the pro-
secuting. attorney as the one I wrote to Treasurer
Smith."

A. R. Witt testified on behalf of the State : "I kept
the postoffice at Conway four years, and had occasion to
compare the handwritings of different parties, and con-
sider myself competent to compare writings and give an
opinion as to their identity.    Witness then compared the
writing in the letter written by defendant to Treasurer
Smith with the word "*five*" in the warrant, and gave it
as his opinion that both were written by the same party.
Samuel W. Williams testified that he had practiced
law forty years, and had had a great deal of experience
in comparing handwritings.    Witness believed that the
word "*five*" in the warrant was written by the person
who wrote the letter to Smith.    D. R. Fones testified to
the same effect.    Witness was cashier of the Bank of
Conway, and had had considerable experience in com-
paring signatures.

Defendant has appealed from a judgment upon a
verdict against him.    The errors assigned by him are
stated in the opinion.

*A. S. McKennon* for appellant.

1.   The common law rule that the pleader must set
out in the indictment the forged writing, according to
its tenor, in words and figures—a *fac simile*—has not
been modified by statute.    Mansf. Dig. sec. 2117 ; Bish.

Cr. Pr. (3 ed.) sec. 403 ; 2 Arch. Cr. Pr. and Pl. (8 ed.) p. 1567, note.

2. The endorsement was not part of the order. 2 Bish. Cr. Pr. 410. But, having copied it in the indictment, it became material, and must be proven as laid. 1 Gr. Ev. (13 ed.) secs. 63–4–5 ; 1 Bish. Cr. Pr. (3 ed.) secs. 483, 486 ; 2 id. secs. 407–8. The variance was fatal. 1 Gr. Ev. secs. 64, 65 ; 2 Bish. Cr. Pr. 406 ; 2 Arch. Cr. Pr. and Pl. 1567–8 and notes ; 32 Ark. 609.

3. If the figures were put in the order after the warrant passed from defendant's hands, it was not his instrument, and could not be put in evidence against him. 8 Ark. 500 ; 132 id. 609. See also 1 Gr. Ev. secs. 64–5 ; 2 Arch. Pr. and Pl. 1567–8 ; 2 Bish. Cr. Pr. 406 and notes 3, 5 ; Ib. 408, note 8 ; Ib. 408, notes 5–9.

4. The indictment alleges an intent to defraud the directors and school district No. 38. This was impossible, and was and could not be proved.

5. The record shows that the case was tried by eleven jurors. 1 Thompson, Trials, p. 5.

James P. Clarke, Attorney General, for appellee.

1. The indictment speaks for itself.

2. The comparison of the forged writing with a letter written by defendant, and the opinions of witnesses that both were written by the same person, was allowable. 1 Gr. Ev. (4th ed.) secs. 579–582.

3. The first instruction was properly refused. Figures are not a part of an order or bill, and need not be described or proved. 1 Mass. 62 ; ib. 202 ; 2 Mass. 397 ; 7 Met. 50 ; 7 Gratt. 651 ; 5 Ohio, 5 ; 100 Ill. 263. If the figures were added after the warrant was passed by defendant, they were not part of it, and might have been omitted in the description. 8 Leigh, 732 ; 6 Rand. (Va.) 693.

4. It was not necessary to prove 'an intent to defraud *all* the persons named. An intent to defraud *any* or *all* is sufficient. Russ. & Ryan, 291 ; *ib.* 169 ; 8 Car. & P. 274 ; 1 Johns. (N. Y. 320 ; 25 Wend. 472.

WOOD, J. In view of the proof, it was unnecessary to employ the word "alter" after the word "forge" in the indictment. For the sake of clearness, it might have been omitted. The indictment is not defective on that account, however. The word "alter" may be treated as surplusage. The demurrer was properly overruled. 1 Bish. Cr. Pro. secs. 481 to 485; also secs. 401, 419, 426; 1 Wharton's Prec. of indictments, 264, 267 ; 3 Rice on Ev. p. 773 ; Acts of 1893, p. 67.

1. Sufficiency of indictment for forgery.

It appears that the forgery in this case consisted in the alteration of a school warrant. The director who wrote it testified that he thought he wrote in the face of the warrant the figures $20.00; that he knew nothing of the brackets around the figures, which are now ($25.00); that the word "five" had been inserted in the warrant since it left his hands. The treasurer (Smith) testified that he paid the appellant $25 on the warrant exhibited in court; that the word "five" was written dimly with a pencil, and, being afraid it would rub out and not show $25 on its face, as it showed payment of $25 on its back, his recollection is, he wrote in the face of the warrant the figures and marks now found on same, to-wit, "($25.00)," but of this he was not positive. Other witnesses, who saw the warrant before it was received by the treasurer, state that it was written for twenty dollars. One said he did not know about any figures in the face of the warrant, and another thought he saw the figures $20.00. A letter, identified by appellant while on the witness stand as one written by him, was introduced, and experts testified that the word "five" in the warrant, in their opinion, was written by the same person who wrote the letter.

2. When necessary to set out exact copy.

Appellant's first request was as follows : "If you believe from the evidence that the figures and characters as follows, "(25.00)," were inserted in the warrant adduced in evidence after the same passed out of defendant's hands, then said warrant is not the instrument of defendant, and cannot be considered as evidence against him, and you should acquit him:"

Considering the allegations and the proof, this request should have been granted. It was not error to admit the warrant when offered, because it was a *facsimile* of the instrument described in the indictment. But it being shown *aliunde* that the figures "($25.00)" might have been inserted by Smith after the warrant passed out of appellant's possession, the jury should have been permitted to pass upon this ; and if they ascertained such to be the fact, the defendant, under the charge as laid, was entitled to an acquittal *secundum allegata et probata*.

The defendant has the right to insist upon such certainty and precision in the indictment as will not mislead him in his defense, and as will relieve him of the danger of jeopardy for the same offense.   3 Rice on Ev. sec. 119, *et seq.*   The term, "in words and figures as follows, to-wit," implies the same exactness as the word "tenor," which imports an exact copy.   Webster, Dic. "Tenor ;" Maxwell's Cr. Pro. 161.

3.  Variance between indictment and proof.

Here the defendant was informed by the indictment that he had forged a school warrant, which was described in words and figures, and in the face of the warrant appeared the figures "($25.00)." These figures were essentially descriptive of the instrument he is charged to have forged, and he could not be convicted, as thus charged, by producing an instrument that did not have these figures in the face of it when it left his hands.   They are just as essential to the identity of the instrument in this case as a description of color would

be in an indictment for larceny.    Where, for instance, a
man was charged with stealing a black horse, proof of
a white horse would not sustain the charge ; neither,
here, will the charge be sustained without proving the
figures " ($25.00) " were upon the warrant when it
passed out of defendant's possession.    ·1 Greenleaf, Ev.
secs. 56, 58 and 65, and authorities there cited ; *Griffin* v.
*State*, 14 Ohio St. 61 ; *People* v. *Marion*, 28 Mich, 257.
As the case must be remanded, should the prosecuting
attorney conclude the evidence shows the figures
" ($25.00) " were added by·Smith after he received the
warrant, doubtless he: will quash and refer, and de-
scribe the instrument as it was when appellant altered
it.· ·This would make quite a different case.    Then·
when the district attorney offers the warrant· in its pre-
sent shape, should· it be objected to, the testimony of
Smith would make it admissible, and it would be none
the less the instrument as charged to have been forged
by the defendant although changed after it passed out of
his· possession.

Those authorities which hold that marginal figures,
stamps, vignettes, water-marks and ornamental· designs
and devices, may be omitted in description, when·the in-
strument is set out according to its ·tenor,· because they
are no part of the instrument, are not in conflict with
the doctrine above announced.    If, in addition to the
tenor, such unnecessary descriptive averments were car-
ried into an indictment for forgery, they would have to
be proven as essential to the identity of the instrument
thus described.    *Hill* v. *State*, 41 Tex. 257 ; *Dick* v.
*State*, 30 Miss. 634.          · ·

Inasmuch as the verdict, being general, would have
been good upon the first count, had the jury been proper-
ly instructed, we deem it unnecessary to pass upon the
question of variance suggested as to the second count and
the proof.    Should another indictment be brought, as it

is not necessary to set out the indorsement, the prosecuting attorney will doubtless avoid all possible difficulty of that kind. *Commonwealth* v. *Ward*, 2 Mass. 397; *Perkins* v. *Commonwealth*, 7 Grat. 651.

4. Intent to defraud.

The appellant's fifth request, which was, in substance, that the intent must be to defraud all the parties named as charged in the indictment, that an intent to defraud one or more is not sufficient, was very properly overruled. The reverse we understand to be the law. Where several are named, an intent to defraud all, or any one, will sustain the charge. 2 Bish. Crim. Pro. secs. 422, 425; *People* v. *Curling*, 1 Johns. (N. Y.), 319.

5. Experts may compare handwritings.

The third, fourth, fifth and sixth grounds for a new trial are not insisted on by counsel in his brief, presumably for the reason that he does not regard them as available. In view of a new trial we only notice them to say that the court did not err in permitting the expert testimony on the comparison of handwriting. The letter offered as an examplar was identified by appellant, and no collateral issue could be raised concerning its genuineness. 1 Greenleaf on Ev. secs. 579, 581 and authorities cited; 3 Rice on Ev. sec. 496; *May* v. *State*, 14 Ohio, 467.

For the error indicated, the cause is reversed, and remanded for a new trial.