## THE STATE v. KIMBALL.

1. **Criminal law:** INDICTMENT: GRAND JURY: PRACTICE. The mere presence of a bailiff of the court in attendance upon the grand jury during their investigation of a criminal charge, is not a sufficient ground of objection against the indictment, if he were not present when the question was taken upon the finding of the indictment.

2. —— But if it were, it seems that it comes too late after verdict, as it should have been raised by motion to set aside the indictment.

*Appeal from Polk District Court.*

WEDNESDAY, JULY 27.

DEFENDANT was convicted upon an indictment for grand larceny, and sentenced to confinement for two years in the penitentiary. He appeals to this court.

*McHenry & Bentley* for the appellant.

*H. O'Connor*, attorney-general, for the state.

BECK, J.—Several objections to the proceedings are made, which have no foundation in the facts as certified in the record. It is unnecessary to notice them.

A motion for a new trial was overruled. One ground of the motion is, that the jury disregarded certain instructions given them by the court. For us to determine the question thus raised the evidence should be before us. A file of papers accompanying the record, but neither certified nor identified as a part thereof, purports to contain evidence in the case. But it does not appear that these unauthenticated papers give all the evidence. Out of a desire to protect the prisoner from possible error, we have examined these papers, and find that they do not sustain the objection just mentioned.

After verdict defendant attempted to avail himself of

the alleged fact, that a bailiff of the court was present in the grand jury room, while witnesses were being examined and the grand jury were deliberating upon defendant's case. The objection, if valid, was not made in time, as it should have been raised upon a motion to set aside the indictment. Rev. § 4691. But, from the showing made upon the motion, the bailiff was the officer in attendance upon the grand jury, and he was not present when the question was taken upon the finding of the indictment. Neither is it shown that he was not there in the discharge of his official duties. Under sections 4691 and 4636, we conclude his mere presence is not a ground of objection to the indictment.

We have examined the record with that care the importance of the case demands, but have found no error in it. The judgment of the district court is therefore

Affirmed.