### THE STATE v. LITTLE.

1. **Criminal Law**: INDICTMENT: NAMES OF WITNESSES. The statute does not require that the names of witnesses before the grand jury, who give no material testimony, should be indorsed upon the indictment.

2. ———: MINUTES OF EVIDENCE BEFORE THE GRAND JURY. The minutes of evidence taken before the grand jury should be filed with the clerk, whereupon they become a part of the record, and cannot be contradicted by affidavits of grand jurors or witnesses. This record is conclusive as to the parties who were thus examined as witnesses.

3. ———: EVIDENCE IN AGGRAVATION: PRACTICE IN THE SUPREME COURT. Whether evidence in aggravation of the offense may be introduced after verdict, *quære*. If introduced, it is not ground for reversing the judgment, and would only be considered by the Supreme Court for the purpose of reducing the penalty, if excessive.

4. ———: INTOXICATING LIQUORS. The act of erecting and keeping a place for the sale of intoxicating liquors constitutes an offense punishable under the statute. Following *The State v. McGrew*, 11 Iowa, 112.

5. ———: ———: PENALTY. Where the defendant, a druggist, had for three years been in the habit of selling intoxicating liquors, in violation of the statute, it was *held*, that a fine of five hundred dollars was not excessive.

*Appeal from Warren District Court.*

MONDAY, DECEMBER 13.

THE defendant was indicted and convicted of the crime of keeping a nuisance, by erecting and keeping a place for the purpose of selling intoxicating liquors in violation of law. The court adjudged the defendant to pay a fine of $500 and

the costs of prosecution. Defendant appeals. The facts necessary to an understanding of the points ruled are stated in the opinion.

*J. E. Williamson* and *Bryan & Seevers*, for appellant.

*M. E. Cutts*, *Attorney General*, for the State.

MILLER, CH. J.—After the defendant had been arraigned and pleaded not guilty, by leave of the court he withdrew his plea and filed a motion to set aside the indictment, on the ground that certain witnesses had been examined before the grand jury whose names were not indorsed on the back of the indictment nor their testimony contained in the minutes of the evidence returned with the indictment.

The names of ten witnesses examined before the grand jury were indorsed on the back of the indictment, and the minutes of the evidence of these witnesses, as taken down by the clerk of the grand jury, were returned with the indictment. Appellant's counsel, by their motion, claimed that there were other witnesses examined before the grand jury in the case whose names were not indorsed on the indictment, nor any minutes of their evidence returned; and they undertook to show this by affidavits of members of the grand jury and persons who had been witnesses before that body.

1. CRIMINAL law: indictment: names of witnesses.

I. The motion was properly overruled for several reasons: *First*, because the affidavits fail to show that either of the witnesses whose names are not indorsed upon the indictment gave any material testimony in respect to the case of the defendant. When a witness is examined by the grand jury and testifies that he has no knowledge concerning the matter under investigation, the statute does not contemplate that his name shall be indorsed upon the indictment as a witness. The names of witnesses examined before the grand jury who give evidence concerning the case in hand, and none others, should be indorsed on the indictment. The statute does not require the folly of indorsing the names of persons who have no knowl-

edge, and give no evidence touching the matter under investigation, merely because they have been called before the grand jury and inquired of in reference thereto. This is manifest from the language of the statute in connection with the requirement that the names of the witnesses examined before the grand jury shall be indorsed on the indictment, in the further provision that the "minutes of the *evidence* of each witness examined before the grand jury, taken by the clerk of the grand jury, must be presented with the indictment to the court." If a witness, called and examined before the grand jury, gives no *evidence* in the case, no minutes are called for in respect to him; and it is manifest that when a witness, called before the grand jury and inquired of by them, is unable to give evidence for the want of knowledge, his name need not, and ought not, to be indorsed on the indictment. The statute, in speaking of the *witnesses* examined and the *evidence* given before the grand jury, contemplates witnesses who have given material evidence—who have testified to some matter of fact bearing upon the case under investigation, tending to throw light thereon; and does not contemplate witnesses who testify to their want of knowledge of the matter under examination by the grand jury, or to something entirely irrelevant thereto.

II. This same section of the Revision (4647), which was in force when this indictment was presented, provides that when

2. ——: minutes of evidence before the grand jury. the minutes of the evidence of the witnesses examined before the grand jury are returned with the indictment to the court, they must be "filed by the clerk of the court, and remain in his office as a record," so that the minutes thus taken become a record, upon being filed by the clerk, and it is not competent to contradict this record by showing, by affidavits as in this case, that it does not contain all the material evidence given before the grand jury. This view is further supported by section 4692 of the Revision, (Code, section 4338,) where it is provided that "a motion to set aside the indictment, on the ground that the names of all the witnesses examined before the grand jury are not indorsed thereon * * * shall not be sustained, if the indorsement is corrected by the insertion * * of such names, or name, by the district

attorney, or the clerk of the court, under the direction of the court, *so as to correspond with the minutes* required to be kept by the clerk of the grand jury, and returned and pre- sented with the indictment to the court." It is apparent from this provision that a motion to set aside the indictment, on the ground urged in this case, must *not* be sustained if the correction is made by the district attorney or clerk under the direction of the court, by indorsing the names of the witnesses examined before the grand jury upon the indictment, and that this correction is to be made by making the indorsements of the names to correspond with the minutes of the evidence returned and filed with the indictment. The statute provides a means for correcting an omission of the character complained of in this case, and the means thus provided is the only one and is sufficient. The minutes of the evidence, therefore, when duly filed become part of the record, and this record is made the test or standard by which it is to be determined whether the names of all of the witnesses examined before the grand jury, and none others, are indorsed on the indictment. It is clear, therefore, that the affidavits of witnesses or of grand jurors cannot be substituted for this record evidence, which the statute makes conclusive as to the witnesses examined before the grand jury, for by this alone the indorse- ment of their names on the indictment is to be corrected.

III. It is next urged that there was error committed by the district court in permitting the State, after a verdict of guilty had been rendered, to introduce evidence in aggra- vation of the offense. We will not stop to deter- mine whether or not there was error in this ruling, since if there was it affords no ground for revers- ing the judgment. This evidence was offered in aggravation, and could have no other effect. If the punishment is exces- sive, the Supreme Court may reduce it; but it is not a ground for reversing a judgment. Revision, section 4925; Code, section 4538.

3. ——: evi- dence in ag- gravation: practice in the Supreme Court.

IV. Appellant's counsel insist that "there is no punish- ment provided by law for the offense charged in the indictment." This identical question is decided

4. ——: in- toxicating liquors.

adversely to the appellant in *The State v. McGrew*, 11 Iowa, 112, and *The State v. Collins*, Id., 141, and we see no good reason for holding differently now, notwithstanding the argument of the learned counsel for appellant urging that these cases should be overruled.

V. The appellant's counsel insist that the fine of five hundred dollars is excessive.

The evidence given on the trial shows that the defendant was in business as a druggist; that he kept intoxicating liquors in his drug store. Dr. Bonney, a witness for the State, testifies: " I suppose a good deal of it was used in his business as a druggist, and a good deal of it the other way; some of it was used to drink. I have seen it bought and drank there repeatedly—within the time mentioned. All kinds—brandy, wine, gin and whisky; sometimes they were sold by the pint or half-pint, and sometimes they would go in and get drinks for ten cents. This was done in the back room. I cannot name any instance or day when Little sold it himself. It is a fact that he did. It is a fact that he did whenever certain parties wanted it. There were side-boards and bottles and a graduate. The liquors were kept in those bottles in a sort of cupboard. Liquor might have been bought and drank there as often as you would go for it. I have seen two, three or four persons drink there at a time. I go about a drug store a good deal, and sometimes I drink a little whisky myself. I have bought and drank some myself in the time mentioned. This occurred from February, 1873, back for two or three years. I was not there after February. He had all kinds of liquors generally in use. Students or minors could not get any liquor there. * * * I think most any man that was accustomed to drink could get it most any time he wanted it."

We are well satisfied from this evidence alone, and without considering that offered in aggravation, that the judgment is not excessive.

The evidence makes the case of a druggist ostensibly engaged in a lawful and legitimate business, a business in which he may be legally permitted to sell intoxicating liquors for lawful

*5. ——: ——: penalty.*

purposes, deliberately providing a room connected with his drug store for the purpose of the unlawful sale of liquors, furnishing the room with side-boards, bottles, and all kinds of liquors generally used. In this place liquors have been sold for two or three years to any person desiring to buy, except minors and students. It is plain that the unlawful sale of intoxicating liquors in the back room of the drug store, which formed a cloak for the unlawful traffic, was no small part of defendant's business.

It seems to us that this is one of the cases which call for severe punishment. In view of the fact that the extent of the punishment in such cases is fixed by law at one thousand dollars, we think a fine of half that sum is far from being excessive in this case.

The judgment of the District Court will be

AFFIRMED.