## UNITED STATES *v.* SIMMONS.

*(Circuit Court, S. D. New York.* January 17, 1891.)

1. INDICTMENT—FINDING—MOTION TO QUASH.
    The fact that the grand jury, after voting not to find an indictment, but, before reporting to the court, reconsidered their decision, and voted to find one without hearing any new evidence, is no ground for quashing the indictment.
2. SAME—STENOGRAPHER IN GRAND JURY ROOM.
    The fact that a stenographer who was in the employ of the district attorney at the latter's request attended before the grand jury, and took notes of the testimony of a witness, is no ground for quashing an indictment, as such stenographer was an assistant to the district attorney.

Motion to quash indictment.

*Edward Mitchell,* U. S. Atty., and *John I. Mott,* Asst. U. S. Atty.

*Chas. A. Hess, Edward H. Murphy,* and *S. S. Joyce,* for defendant.

BENEDICT, J. In this case the indictment against the accused was filed on the 7th day of October of last year. The accused appeared in court, and entered a plea of not guilty, but leave was given to withdraw such plea on or before the 20th of October. During that period the plea of not guilty was not withdrawn, nor was any motion made to quash the indictment. On the 10th of December following, the question of fixing a day for the trial on the indictment was presented to the court, and, after hearing counsel for the defendant, it was arranged that the case be set down to be tried on the first day of the January term; no intimation having been given of an intention to move to quash the indictment. Now on the day fixed for trial the defendant presents a motion to quash the indictment. This motion, it appears, was originally noticed to be heard at a stated term of the circuit court to be held by the Honorable WILLIAM J. WALLACE on the 12th day of January, two days before the opening of the present term. The motion was not heard by Judge WALLACE, and is now presented to the court at the regular January term. Inasmuch as a motion to quash an indictment after plea can only be made on leave of the court, reason for refusing such leave in this case could be found in the delay to make this application until the day fixed for trial, and after the lapse of several months since the finding of the indictment. The proceeding savors too much of an effort for delay to receive the countenance of the court, but the grounds upon which it is sought to have the indictment quashed upon examination prove insufficient, and I am of the opinion that the motion, if it had been made in time, must have been denied. The grounds of the application are stated in the moving papers by the following language:

"Wherefore, deponent asks that the indictment may be dismissed upon the ground—*First.* That the same was improperly found. The grand jury, if it reconsidered its determination not to find a true bill, did so improperly and illegally, if no further evidence was furnished to the said grand jury between the time of its decision not to find a true bill and its reconsideration to find a true bill, and its presentment to the court. *Secondly.* The presence of a

stenographer in the grand jury room, taking the testimony of witnesses for the purpose of transcribing the same, was improper, illegal, and contrary to law."

In support of the first ground, the moving papers show that the grand jury, at some time during their determination, voted not to find a bill against the accused, and, after having so voted, reconsidered their determination, and voted to find a bill. This was done, so far as appears, without any new evidence being presented to the grand jury subsequent to their vote not to find a bill. These facts, in my opinion, furnish no ground for quashing the indictment. It was the right of the grand jury to reconsider their vote without taking additional testimony, certainly before any report by the jury to the court, and while the matter was still before them. There are many authorities that sustain this proposition.

The facts in support of the second ground of objection, which are before the court by the admission of the district attorney, are these: On one occasion Edmund T. Davis, a stenographer, who is one of the employes of the district attorney, attended before the grand jury at the request of the district attorney, by virtue of his employment in the office of the district attorney, and took stenographic notes of the testimony of one witness, and then retired. He was not present at any deliberation of the grand jury, nor on the day upon which the indictment was found. In this there was nothing illegal or irregular. By the settled practice of the courts of the United States, the district attorney and his assistants are permitted to attend before the grand jury. The practice has been stated as follows: "It is a settled practice for the clerk and assistants of the district attorney to attend the grand jury, to assist in investigating the accusations presented before them." See note in Brightley's Digest, p. 209. See, also, *U. S.* v. *Kilpatrick*, 16 Fed. Rep. 765, (Dist. Ct. N. C. 1883,) cited here by the defense. Mr. Davis, he being one of the staff of the district attorney, employed by authority of the government for the purpose of taking notes for the use of the district attorney, in the discharge of his official duties was permitted, by the practice of the court, to attend as he did before the grand jury. He comes within the designation of an assistant to the district attorney, as understood in practice, and the mere fact that he was present, and took notes of the testimony of one witness, affords no ground on which to quash the indictment. This case differs from the case decided in the state court in Louisiana, to which reference has been made by the defense. In the case of *State* v. *Natali*,[1] an indictment seems to have been quashed because of the presence before the jury of the short-hand reporter of the court, who was an official having no connection with the district attorney's office, possibly not under his control. That is not this case. Here the stenographer was a duly-appointed assistant of the district attorney, acting as such by direction of the district attorney. I may add that the laws of the state of New York (Laws 1885, c. 348) expressly

---

[1] A decision of Judge BAKER, of the criminal district court for the parish of Orleans, La. and not reported.

provide for the appointment of a stenographer to take the testimony given before grand juries in the county of New York; and, while a statute of the state does not control the practice of the courts of the United States in criminal cases, the existence of such a provision in the laws of the state clearly indicates that the presence of a stenographer before a grand jury is not inconsistent with a due administration of justice in criminal cases. For these reasons, the motion to quash the indictment is denied.