## STATE OF IOWA v. LEWIS MILLER, Appellant.

**Criminal Practice:** INDICTMENT. Failing to indorse names of witnesses who gave material evidence, will not set an indictment aside, unless they gave evidence which contributed to the finding of the indictment. Code, 4293.

MINUTES CONCLUSIVE. The minutes returned are conclusive on whether all witnesses examined are indorsed and neither affidavits of the jurors nor admissions by the county attorney are receivable to contradict them.

MISCONDUCT OF CLERK. That the clerk of the grand jury asked the witnesses questions, at the request of the foreman, will not set the verdict aside.

*Appeal from Wapello District Court.*—HON. H. C. TRAVERSE and HON. E. L. BURTON, Judges.

TUESDAY, OCTOBER 1, 1895.

The defendant was convicted of the crime of seduction, and from the judgment, which required him to pay a fine of five hundred dollars and costs, and to be imprisoned in the county jail one day, he appeals.— *Affirmed.*

*W. W. Cory, W. H. C. Jaques,* and *A. C. Steck* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

Robinson, J.—The indictment on which the defendant was tried was marked "A true bill," signed by the foreman of the grand jury, and duly filed. Accompanying it were minutes of the testimony of five wit-

nesses who were examined before the grand jury. The defendant was arraigned, and pleaded not guilty. That plea was afterwards withdrawn, and a motion was filed by the defendant to set aside the indictment upon grounds stated as follows: "(1) The names of all the witnesses who gave material evidence in this case before the grand jury are not indorsed on the indictment as required by law, as shown by the attached affidavit. (2) The minutes of the evidence of all the witnesses who gave material evidence in this case before the grand jury are not attached to the indictment, nor returned therewith, nor filed in the office of the clerk of the district court, nor returned thereto, as required by law, as will fully appear by the indictment and the annexed affidavit. (3) The clerk of the grand jury by whom the indictment was found was a regular practicing attorney of this court, and while acting as said clerk, and taking the evidence in this case, told and advised the grand jury, of which he was not a member, that they had sufficient evidence to warrant finding an indictment against the defendant, and that the grand jury acted upon and under said advice in finding the same, and he also said that the prosecuting witness was sufficiently corroborated to warrant the finding of an indictment." With the motion was filed the affidavit of a member of the grand jury which returned the indictment, and an admission in writing by the county attorney. The affidavit stated that each of three witnesses, who were named, testified before the grand jury, and gave material evidence, and that the evidence thus given was considered by the grand jury; that the clerk of the grand jury was a practicing attorney, and a member of the bar of Wapello county; that he conducted the examination of witnesses in part, consulted the private attorney of the prosecuting witness, and advised the

grand jury that they had corroborating evidence sufficient to warrant the finding of an indictment. The admission of the county attorney was to the effect that the three witnesses named gave material testimony before the grand jury, none of which was returned with the indictment. Counter affidavits were filed by the state, and additional affidavits were filed by the defendant.

It is a fact not disputed that none of the names of the three witnesses in question were indorsed on the indictment, and that no minutes of their testimony were returned with it. The affidavits show that the clerk of the grand jury was a practicing attorney, that he took part to some extent in examining witnesses, and that he had an unfriendly feeling for the defendant. There is much conflict in the affidavits, and we are of the opinion that, if they were competent evidence, the district court was authorized to find that the clerk did not take any part in the deliberations of the grand jury, and did not advise them as to the sufficiency of the evidence to authorize an indictment; that he consulted the private attorney of the prosecutrix, but only to ascertain if all the witnesses had been examined; that the part he took in the examination was by request of the foreman, and each member of the grand jury asked such questions of the witnesses as he wished to ask. The motion to set aside the indictment was overruled, and the defendant, after excepting to the ruling, renewed his plea of not guilty. There was a trial by jury, a verdict of guilty as charged, a motion in arrest of judgment, and one for a new trial, which was overruled, and judgment was rendered as stated.

The appellant contends that the district court erred in not sustaining the motion to set aside the indictment. Section 4293 of the Code, as amended by chapter 130 of the Acts of the Eighteenth General Assembly, provides as follows: "When an indictment

is found, the names of all witnesses on whose evidence it is found must be indorsed thereon before it is presented to the court, and the minutes of the evidence of such witnesses must be presented with the indictment to the court and filed by the clerk of the court, and remain in his office as a record. *   *   *" Section 4337 of the Code contains the following: "The motion to set aside the indictment can be made by the defendant on one or more of the following grounds, and must be sustained: *   *   *  (2) When the names of all the witnesses examined before the grand jury are not indorsed thereon; when the minutes of the evidence of the witnesses examined before the grand jury are not returned therewith. *   *   *  (4) *   *   * When any person other than the grand jurors was present before the grand jury during the investigation of the charge except as required or permitted by law." "4338.    A motion to set aside the indictment on the ground that the names of all the witnesses examined before the grand jury are not indorsed thereon, or that the name of any other witness than those so examined is indorsed thereon as provided in the second subdivision of section four thousand, three hundred and thirty-seven hereof, shall not be sustained if the indorsement is corrected by the insertion or striking out of  such names or name by the county attorney or clerk of the court, under the direction of the court so as to correspond with the minutes required to be kept by the clerk of the grand jury and returned and preserved with the indictment to the court."

These provisions of the Code, so far as they relate to the same matter, must be construed together, and, so far as possible, effect be given to all.  Section 4337 in terms requires that if the names of all the witnesses examined before the grand jury are not indorsed on the indictment it shall for that reason be set aside on motion.  But the following section provides that a

motion of that character shall not be sustained if the indorsement is corrected to correspond with the minutes of the evidence required to be returned and preserved with the indictment. Section 4647 of the Revision of 1860 requires that "when an indictment is found, the names of all the witnesses examined before the grand jury must be indorsed thereon, before it is presented to the court, and the minutes of the evidence of each witness examined before the grand jury taken by the clerk of the grand jury must be presented with the indictment to the court, and filed by the clerk of the court.  *  *  *  " It was held in *State v. Little,* 42 Iowa, 51, that this provision did not require the indorsement of the names of persons who gave no evidence touching the matter under investigation by the grand jury, but only that the names of witnesses who gave evidence in regard to the matter investigated should be indorsed on the indictment. It will be observed that section 4293 of the Code, which corresponds with section 4647 of the Revision of 1860, is less broad in terms than the latter, and only requires that there be indorsed on the indictment "the names of all witnesses on whose evidence it is found." Therefore it is not necessary to indorse on the indictment the names of witnesses whose evidence did not in any respect contribute to the finding of the indictment. Although the affidavits for the defendant tend to show that the testimony given by the witnesses in question was material, they do not show that it formed any part of the evidence upon which the indictment was found. But, had that been the fact, it could not have been shown in the manner attempted. That affidavits are competent to show some things which transpire in the jury room is undoubtedly true. Section 2913 of the Code provides that "testimony to sustain or resist a motion may be in the form of affidavits." This relates to practice in civil cases; but section 4556 of the Code,

as amended, provides that "the rules of evidence pre-
scribed in the civil part of this Code shall apply to crim-
inal proceedings as far as applicable, and as they are
not inconsistent with this chapter." These provisions
authorize the practice, common in criminal cases, of
showing occurrences in the jury room by affidavits, and
it was competent under them to show by that means
the part which the clerk of the grand jury took in the
examination of witnesses. But it was held in *State v.
Little, supra,* that the minutes of the evidence returned
with the indictment and duly filed are made the test
and standard by which to determine whether the names
of all the witnesses examined before the grand jury are
indorsed on the indictment, and that the affidavits by
grand jurors or other witnesses cannot be received, as
the record made by the filing of the minutes of the evi-
dence returned with the indictment is conclusive.

It is urged that the admissions of the county attorney
are sufficient to show that the indictment should be set
aside on the grounds stated in the motion. It may be
competent for the county attorney to admit
what the defendant would have the right to
establish by proof, but it is not competent for
him to vary or contradict by admissions records which
the law makes conclusive. See *State v. Brownlee,* 84
Iowa, 476 [51 N. W. Rep. 25]. Moreover, the admission
in question does not tend to show that the indictment
was found in whole or in part on the testimony of the
witnesses whose names are omitted.

It is urged that the indictment should be set aside
on account of the part taken by the clerk of the grand
jury in the examination of witnesses. He was not a
member of the grand jury and was a practicing
attorney, but neither of these facts was any ground
of objection to him as a clerk. Section 4275 of the
Code, as amended by chapter 38 of the Acts of the
Twenty-second General Assembly, authorizes the

court to appoint, in counties having a population of twenty thousand or more people, a competent person not a member of the grand jury, to act as its clerk. That provision applies to Wapello county. The knowledge and experience which the clerk in this case must have acquired from his professional studies and practice tended to fit him for the discharge of the duties of the position to which he was appointed, and certainly gave no ground of objection to him. The only serious question presented in regard to him was whether he so far violated the law in participating in the examination of witnesses as to give cause for setting aside the indictment. The statute under which he acted provided that he should "take no part in the proceedings, aside from his clerical duties," and that he should "strictly abstain from expressing any opinion upon any question before the grand jury, either to the jury or to any member thereof." Section 4275 of the Code, as·amended. It appears that the clerk in this case asked the witnesses some questions, but they were asked at the request of the foreman, and were followed by questions asked by different members of the grand jury. Such a practice is not to be commended, but the district court necessarily found that what was done in this case was not prejudicial to the defendant, and we think the conclusion is fully justified by the record. After a careful examination of the record, we conclude that there is no sufficient reason for disturbing the judgment of the district court, and it is therefore *affirmed*.