THE STATE *v.* BATES ET AL.

[No. 18,263.    Filed November 2, 1897.]

CRIMINAL LAW.—*Use of Stenographer Before Grand Jury.—When Will Not Abate an Indictment.*—The presence of a stenographer in the grand jury room, at the request of the prosecuting attorney, and the taking down in shorthand for the use of the prosecution, the evidence upon which an indictment was returned, is not sufficient to abate the indictment, without some showing that the accused was injuriously affected thereby.

From the Sullivan Circuit Court. *Reversed.*

*W. A. Ketcham,* Attorney-General, *Merrill Moores, C. D. Hunt* and *W. H. Bridwell,* for State.

*Buff & Nesbit, A. D. Leach* and *John S. Bays,* for appellees.

MONKS, J.—Appellees were charged by indictment with the crime of murder in the first degree. To the indictment they filed a plea in abatement. Appellant's demurrer to said plea was overruled, and appellant refusing to plead further, the court rendered judgment that said action abate, etc. The only error

assigned calls in question the action of the court in overruling the demurrer to said plea in abatement.

It is alleged in the plea in abatement, in substance, that one Helen L. Hinkle, a stenographer, was present in the grand jury room at the request of the prosecuting attorney, and took down in shorthand all the evidence given before the grand jury upon which the indictment was returned in this case. And that she afterwards wrote out said evidence in longhand for the use of such persons as were employed to prosecute said appellees upon said indictment; that said stenographer was not called before said grand jury as a witness, but was there for the sole purpose of taking said evidence in shorthand, that the same might be copied and used in the prosecution of said cause.

The right to take down the evidence given before the grand jury and preserve the same for use in the prosecution of those charged with crime is expressly given by statute. It is provided in section 1724, Burns' R. S. 1894 (1655, R. S. 1881), that "the grand jury must select one of their number as clerk, who must take minutes of their proceedings (except the votes of the individual members on a presentment or indictment), and also of the evidence given before them; which shall be preserved for the use of the prosecuting attorney, to subserve the purposes of justice." If the clerk so selected was a stenographer, he could take all of such proceedings and evidence in shorthand, and write the same out in longhand for the use of the prosecuting attorney, as provided in said section; and the prosecuting attorney or his deputy, who are authorized by section 1737, Burns' R. S. 1894 (1668, R. S. 1881), to appear before the grand jury to interrogate witnesses, and give information and advice, concerning matters cognizable by it, clearly have the right to take such evidence, either in shorthand or otherwise, for the use of the State in the prosecution of such cases.

The mere taking down in shorthand of evidence given before the grand jury is not in violation of law, but is in conformity therewith. It is true, there is no statute expressly authorizing a person not a member of the grand jury to remain in the grand jury room and take evidence in shorthand or otherwise for the use of the prosecution, neither is there any statute expressly prohibiting it. A person so attending before the grand jury and taking the evidence at the request of the prosecuting attorney is his assistant, and the federal courts, where there is no statute either authorizing or prohibiting the taking of evidence by such persons, have held that the attendance of a stenographer before the grand jury for the purpose of taking the evidence for the use of the district attorney in the discharge of his official duties, was not irregular or illegal. *United States* v. *Simmons,* 46 Fed. 65.

It is clear, that the mere taking in shorthand of the evidence given before the grand jury furnishes no ground for abating the indictment.

Does the fact that such evidence was taken by one not a member of the grand jury, or a prosecuting attorney, furnish such ground?

It is the rule that the presence of a stranger in the grand jury room during the investigation of a criminal charge, is not sufficient to abate an indictment, unless it appears that the person indicted was thereby injured in his substantial rights. *Shattuck* v. *State,* 11 Ind. 473; *Courtney* v. *State,* 5 Ind. App. 356; *State* v. *Clough,* 49 Me. 573, 576; *State* v. *Kimball,* 29 Iowa 267; *Bennett* v. *State,* 62 Ark. 516, 535, 36 S. W. 947.

In *State* v. *Clough, supra,* on page 576, the court said: "The mere fact that a stranger was present when an indictment was found, would not render it void. Though obviously proper, and highly important, that the proceedings of a grand jury should be in secret,

one who is indicted cannot take any advantage of it if they are not. *Shattuck* v.*State,* 11 Ind. 473. The secrecy is not required for his benefit,—but otherwise. 'One reason may be to prevent the escape of the party, should he know that proceedings were in train against him; and another may be, to secure freedom of deliberation and opinion among the grand jurors, which would be impaired if the part taken by each might be known to the accused.' 1 Greenl. Ev., section 252." Nor will any indictment be set aside on the ground of informalities or irregularities, when it is not shown that the defendant has been prejudiced in his substantial rights. *Shattuck* v. *State, supra; Commonwealth* v. *Bradney,* 126 Pa. St. 205, 17 Atl. 600; *United States* v. *Reed,* 2 Blatchf. 435, 27 Fed. Cas. 727; *United States* v. *Terry,* 39 Fed. 355, 360, 361; *United States* v. *Simmons, supra; State* v. *Justus,* 11 Ore. 178, 8 Pac. 337; *State* v. *Fertig* (Ia.), 67 N. W. 87; *State* v.*Kimball, supra; State* v. *Miller,* 95 Ia. 368, 64 N.W. 288; *Bennett* v. *State, supra; State* v. *Clough, supra; State* v. *Baker,* 33 W. Va. 319, 322, 10 S. E. 639; Thornton on Juries, section 517; Thompson and Merriam on Juries, sections 631, 632.

In *State* v. *Miller, supra,* it was complained that the clerk of the grand jury, who (as required by the statute of Iowa) was not a member of the grand jury, asked the witnesses certain questions at the request of the foreman, the clerk being a practicing attorney, the court said: "The only serious question presented in regard to him was whether he so far violated the law in participating in the examination of witnesses as to give cause for setting aside the indictment. The statute under which he acted provided that he should 'take no part in the proceedings aside from his clerical duties,' and that he should 'strictly abstain from expressing any opinion upon any question before the

grand jury, either to the jury, or to any member thereof.' Section 4275 of the Code, as amended. It appears that the clerk in this case asked the witnesses some questions, but they were asked at the request of the foreman, and were followed by questions asked by different members of the grand jury. Such a practice is not to be commended, but the district court necessarily found that what was done in this case was not prejudicial to the defendant, and we think the conclusion is fully justified by the record."

In *State* v. *Justus, supra,* under a statute providing "that no person other than the district attorney can be allowed to be present during the sittings of the grand jury," it was complained that a person not authorized by law was present before the grand jury at the request of the district attorney, for the purpose of assisting in the examination of witnesses and in framing the indictment. The court, at p. 181, said: "At most, it was but an irregularity, but of that character which does not bring into question the qualifications of the grand jurors or their fairness toward the accused. Nor is it claimed that any injustice or wrong was done the person by reason of this alleged error at the trial. Upon authority it is clear the objection can not prevail."

The same question as presented in this case came before the Appellate Court of this State in *Courtney* v. *State, supra,* where it was, as we think, correctly held that the use of a stenographer by the prosecuting attorney under such circumstances, was not sufficient to abate the indictment without some showing that the accused was injuriously affected, and that the presence of a stenographer before a grand jury was not necessarily inconsistent with the due administration of justice in criminal cases.

It does not appear from the plea in abatement that

the shorthand reporter said or did anything in the presence of the grand jury that influenced their action in returning the indictment against appellees, nor is there any allegation of fraud or improper motives on the part of either the prosecuting attorney or the shorthand reporter. On the contrary, so far as shown by the allegations of the plea in abatement, they seem to have acted in perfect good faith, and in the interest of the public.

It follows that the court erred in overruling the demurrer to the plea in abatement.

Judgment reversed, with instructions to sustain appellant's demurrer to the plea in abatement, and for further proceedings not inconsistent with this opinion.