STATE OF IOWA, Appellee, v. R. W. MARTIN, Appellant.

No. 39234.

DECEMBER 13, 1929.

*Robert J. Shaw,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

DE GRAFF, J.—On the 15th day of December, 1927, the grand jury of Keokuk County, Iowa, indicted the defendant for the crime of bootlegging, alleged to have been committed on or about the 22d day of November, 1927, in Keokuk County. The evidence tended to show that, on said day, about 8:30 in the evening, in the town of What Cheer, Iowa, the defendant sold to one Murphy a half pint of alcohol, and received as the purchase price thereof the sum of $2.00. The purchaser was sitting in an automobile at the time of the transaction, and with him in the car was a party named Erpelding, who testified to the transaction of the sale.

Upon the trial on a plea of not guilty, the jury returned a verdict of guilty, resulting in a judgment duly entered by the court, whereby the defendant was sentenced to imprisonment in the county jail of Keokuk County for a term of five months, and to pay a fine of $300, with costs of prosecution. The primary proposition involves the correctness of the ruling of the trial court on appellant's motion to set aside the indictment, based on Sections 13781, 13782, Code, 1927.

I. It appears from the record that, prior to the trial, the defendant filed a motion to set aside the indictment. The grounds stated in said motion are as follows: First, the names of some of the witnesses examined before the grand jury are not indorsed thereon. Second, the minutes of the evidence of the witnesses examined before the grand jury are not returned therewith. Third, the indictment and the minutes thereto have not been presented and marked "filed," as prescribed by the Code.

In support of this motion, the defendant offered certain evidence for the purpose and with the intent to establish the fact that certain persons whose names were not indorsed on the in-

dictment had appeared before the grand jury in this cause. Evidence was also tendered to prove that the clerk of the grand jury had in her possession the minutes of the evidence signed before the grand jury to establish the fact that certain persons had appeared before the grand jury whose names were not indorsed on the said indictment. Objections to this line of testimony were sustained by the trial court on the grounds stated in the objections: to wit, that the same is incompetent, immaterial, and irrelevant, not a subject of examination by counsel for the defendant, improper, not being confined to the grand jury that returned the indictment against this defendant, and not the best evidence. The clerk of the grand jury was asked, among other things: "Do you know of any witnesses who appeared before the grand jury against Bob Martin other than Murphy and Erpelding?" The same objections, being interposed, were sustained. At the time of this ruling, the trial court said:

"I don't think it is competent for you to bring out any matter before the grand jury in the hearing of this motion, for the reason that the proceedings before the grand jury are secret, and required to be kept secret, and the court does not think this is in point so as to entitle you to have the minutes of the grand jury published or made public."

Immediately, this question was put to the clerk:

"Were there any witnesses who appeared before the grand jury prior to the return of this indictment who appeared and gave evidence in an investigation of R. W. Martin, who was indicted under the name of Bob Martin, other than A. A. Murphy and Charles Erpelding?"

The objections aforesaid were again sustained. Another witness, Sheriff Homer A. Beasley, of Keokuk County, was then called, and asked if he did appear before the October grand jury before the instant indictment was returned, and if he did testify before said grand jury in this matter. The State interposed the same objections, and in addition, that:

"The statute provides these matters shall be kept secret,

and that there is no authority of law for such examination by counsel for the defendant at this time, or at any other time, as the defendant is now attempting."

The court sustained the objections.

The provisions of our Code pertinent to the instant matter and the decisions of this court on the matter are sufficient to support the rulings of the trial court. The grand jury is an inquisitorial body. It is a secret body. The clerk is under an oath of secrecy. Section 13694, Code, 1927. Even a member of the grand jury may not make disclosures, unless, in the opinion of the court, it is necessary in the administration of justice. Section 13725, Code, 1927. A witness called before the grand jury must be sworn.. Section 13710, Code, 1927. No one is permitted to be in the grand jury room when a witness is examined, except the members of the grand jury, the clerk, and the county attorney. See *State v. McPherson*, 114 Iowa 492, as bearing upon this general proposition. See Section 13782, Code, 1927.

The statutes governing these matters are not intended to permit a defendant to enter upon a fishing expedition to discover what happened prior to the return of an indictment by the grand jury. If this were permitted, it would result in the impeachment of the grand jury, its proceedings, and its minutes. It is not incumbent on said body to indorse the name of every person who happened to be called before it in the investigation of a crime. A witness may give evidence that is wholly immaterial, and which in no manner tends to incriminate a person under investigation by said grand jury. It is not the intent of the statute that the minutes of the grand jury should be incumbered by irrelevant,. immaterial, and useless matter. See *State v. Little*, 42 Iowa 51; *State v. Lewis*, 96 Iowa 286. The trial court cannot inquire into the materiality of the evidence upon which the grand jury acted. *State v. Fowler*, 52 Iowa 103; *State v. Miller*, 95 Iowa 368.

No court will presume that an official will act contrary to his oath, but the presumption exists that any official will act honestly, and that, in the performance of his duties, he has-acted regularly and in conformity to law. No court will assume or presume that a county attorney will "ambush" witnesses, as suggested by appellant in argument.

No witness may be introduced on the part of the State in the first instance who has not been examined before said grand jury and the minutes of whose testimony were not presented with the indictment, unless a notice, as prescribed by statute, shall have been given to the defendant. Section 13851. The failure to take minutes and indorse the names of every witness called by said inquisitorial body can cause no prejudice to a defendant. One of the purposes of requiring minutes and indorsement of names is to prevent malicious or unfounded accusations. Why should a defendant be privileged to have an indictment quashed because the grand jury paid no attention to testimony which it may deem immaterial, or even malicious? The possibilities resulting from an opening up of grand jury proceedings and allowing the defendant to go into matters which cannot prejudice him is a sufficient reason why the door should be closed to such a defendant. See *State v. Hawks*, 56 Minn. 129 (57 N. W. 455) ; *State v. McPherson*, supra. In the instant case, the decision of the grand jury as to the witnesses whose testimony it deemed worth while recording, and on whose testimony it acted, is conclusive, and this body ought not to be subjected to even an indirect impeachment.

The precedent on the proposition involved in the decision of *State v. Miller*, supra, with cases cited therein, is *stare decisis* here.

We hold, therefore, that the trial court, in the instant case, was not in error in sustaining the objections to the class of testimony proffered by the defendant on his motion to dismiss.

II. In the statement of errors relied upon for a reversal, there are several which are not specific. They are what are  commonly termed ''blanket or omnibus'' in form. They are not in compliance with the fifth paragraph of Rule 30 of this court. We will not consider them for this reason. See *State v. Vandewater*, 203 Iowa 94.

III. The appellant predicates error on Instruction No. 8, and offers as a reason that said instruction picks out two of the witnesses for the State and ''magnifies their testimony,'' and

the further reason that it instructs the jury that it may take into account the acts of the defendant in relation to said two witnesses shortly prior to the time stated in the indictment.

When we turn to Instruction No. 8, it is obvious that the court, in making reference to the testimony of the two witnesses offered by the State limited such evidence to a specific purpose. This instruction specifically limits the purpose of this evidence, which tended to prove that the defendant did make a sale of intoxicating liquor in Keokuk County, Iowa, to a witness (P. L. Johnson), and did offer to sell intoxicating liquor to the other witness (E. S. Anderson). It is to this evidence that Instruction No. 8 refers, and it is therein said:

"If you find these facts to be true beyond a reasonable doubt, then you will consider the evidence of such sale and offer to sell as bearing on the intent of the defendant in keeping and carrying around on his person said intoxicating liquor, as to whether his intent in so keeping and carrying around said intoxicating liquor was for the purpose of selling same."

The trial court did not assume anything. The whole matter was left to the jury to determine, as a matter of fact; and in the event that the jury believed that the acts were established beyond a reasonable doubt, then the jury could consider said acts for the specific purpose only as defined in the instruction.

We discover no reversible error on the record before us. The judgment entered is—*Affirmed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, MORLING, and KINDIG, JJ., concur.

WAGNER, J., not participating.