**REICHERT**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 11000.

United States Court of Appeals Seventh Circuit.

June 9, 1954.

Wilbur F. Dassel, Evansville, Ind., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Harry Marselli, Ellis N. Slack, David O. Walter, Sp. Assts. to Atty. Gen., for respondent.

Before MAJOR, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This case is brought to this court by the petition of taxpayer, Manson L. Reichert, asking for a review of decisions of the United States Tax Court entered June 18, 1953, and involves income taxes and fraud penalties assessed against him for the years 1943 through 1946. Jurisdiction was conferred on this court by section 1141(a) of the Internal Revenue Code, as amended June 25, 1948, and May 24, 1949, 26 U.S.C.A. § 1141(a). By its orders the Tax Court determined deficiencies in income tax payments and fraud penalties amounting to $11,204.15.

Taxpayer became the chairman of the Republican County Central Committee of Vanderburgh County, Indiana, in May, 1942, and in November, 1942, he was elected mayor of the city of Evansville. He held these positions in the taxable years 1943 through 1947. 1944 and 1946 were campaign years. One of taxpayer's duties as county chairman was to solicit campaign funds. In accordance with the method of operation of the Republican Party contracts were entered into between the Republican United Finance Committee of Indiana and the Republican County Central Committee of Vanderburgh County whereby funds collected by the county committee were to be remitted to the United Finance Committee, with a report of the names of the contributors. Receipts were issued to each contributor by the treasurer of the United Finance Committee. Of the total, 65% was to be returned to the county committee and 35% was to be allocated to the state committee. The Tax Court decided that a part of the contributions collected by taxpayer he did not remit to the state committee and he was therefore subject to an income tax thereon.

Taxpayer procured the appointment by the secretary of state of Benjamin H. Bartlett as manager of the motor vehicle license bureau branch office in Evansville. Bartlett agreed with taxpayer to put the latter's daughter, Maybelle, on his payroll at a salary of $3600 a year. She was placed on the payroll, did very little work, and the Tax Court found that what was paid to her, with the exception of $100 for each of the years 1943, 1944 and 1945, was paid to

taxpayer for the assistance he had given in procuring Bartlett's appointment and was income to taxpayer.

The Tax Court also found that fraud had been proved.

When cases Nos. 23495 and 29928 came on for hearing before the Tax Court, they were consolidated for hearing on the motion of taxpayer's attorney, who thereupon immediately presented and filed written motions signed and sworn to by taxpayer under date of October 29, 1951. The motions are identical and are referred to in the record and herein as the motion to suppress evidence.

In substance the motion alleged that the pending cases were based and founded upon and sprang directly from what it described as the illegal and unlawful disclosure and delivery by the prosecuting attorney of Vanderburgh County, Indiana, to the representatives of the Intelligence Unit of the Bureau of Internal Revenue of the United States Government, of a transcript of the testimony of witnesses who had appeared before the Vanderburgh County grand jury. The motion further alleges that the charges contained in both cases were the direct result of hearings held before representatives of the United States government and that "all of the testimony and information then before said government agents and in their sole and exclusive possession and control was the testimony of witnesses that had appeared before the Vanderburgh County, Indiana, grand jury, * * transcribed * * and delivered by * * the prosecuting attorney * * to the government agents" as aforesaid. The motion further sets forth several questions by special agent Shryer directed to taxpayer and another witness in which Shryer refers to testimony given by witnesses before the grand jury. Typical is the following question:

"Mr. Reichert, in the proceedings of last year under state laws to obtain indictments against you, various individuals testified under oath before the Vanderburgh County Grand Jury, as to payment to you of sums of money. In May '44, Benjamin H. Bartlett stated that just prior to the primary election that year he turned over to you the sum of $10,300. Did you receive that money?"

The motion charged that everything learned by the government representatives concerning the alleged income tax liability of taxpayer was "learned illegally and unlawfully and in violation of the constitutional guarantees of said" taxpayer and, "specifically, in violation of the Fifth Amendment to the Constitution of the United States and of the Due Process of Law provision of the Fourteenth Amendment" thereto, and that the prosecuting attorney turned the grand jury testimony over to the Bureau of Internal Revenue and "thereby disclosed the secrets of the Grand Jury room without an order of any court and without judicial sanction, and that in so doing violence was done to the Fifth Amendment to the Constitution and the Due Process Clause of the Fourteenth Amendment."

The motion contained a prayer reading:

"* * * prays that all evidence and properties of any kind or nature, including all of the testimony herein specifically set out and alleged, and testimony not herein set out and alleged, so learned by the agents of the Intelligence Unit, Bureau of Internal Revenue, Treasury Department of the United States, and any and all Grand Jury testimony of the Vanderburgh County, Indiana, Grand Jury, and all statements made by this affiant or by any other witness appearing before said agents, whether said statements be written or oral, may be quashed and suppressed, and that all property of whatsoever kind and nature, and documents, memoranda, books and all other property, and any statements, whether oral or written, already procured by said agents, be suppressed * * *".

Although no counter-affidavit or motion was presented by the government, taxpayer asked permission to introduce evidence to support the allegations of the motion and expressed a wish to do this before the case was tried on the merits. The court refused to permit this course of procedure to be followed and indicated that it would take the motion under advisement and rule on it when the evidence was before it, suggesting that objection be made as the evidence of the government was offered. The trial proceeded, but taxpayer made no objections to evidence on the grounds set up in the motion to suppress. At the close of the trial the court asked taxpayer's counsel if he then proposed to offer evidence on the matter set forth in the motion. At that time taxpayer's counsel indicated that he was relying on the matter set forth in the motion only. It is contended by taxpayer in this court that the questions raised by the motion to suppress should have been determined in advance of the trial of the principal case. He relies upon Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and other cases. However that may be, we find it unnecessary to decide that question of practice.

1. Taxpayer relies upon the following provisions of the Indiana statutes, Burns' Indiana Statutes Annotated, chapter 9:

9-816. "Every member of the grand jury must keep secret whatever he or any other grand juror may have said, or in what manner he or any other grand juror may have voted on a matter before the grand jury."

9-817. "A member of the grand jury may, however, be required by any court to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given by the witness before the court; or to disclose the testimony given before them by any person upon a charge against him

for perjury in giving his testimony or upon his trial therefor."

9-818. "A grand juror can not be questioned for anything he may say or any vote he may give in the grand jury relative to a matter legally pending before the grand jury, except for perjury of which he may have been guilty in making an accusation or giving testimony to his fellow jurors."

In Schmidt v. United States, 6 Cir., 115 F.2d 394, at page 396, the reasons for the oath of secrecy taken by grand jurors are stated by way of a quotation from United States v. Amazon Industrial Chemical Corp., D.C., 55 F.2d 254, 261,

" '(1)   To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. It is obvious that the basis of all but the last of these reasons for secrecy is protection of the grand jury itself, as the direct independent representative of the public as a whole, rather than of those brought before the grand jury.' "

To the same effect is Goodman v. United States, 9 Cir., 108 F.2d 516, at page 519, 127 A.L.R. 265.

In Commonwealth v. Kirk, 340 Pa. 346, 17 A.2d 195, 200, it was said:

"A consideration of the best authorities on the subject leads to the conclusion that the rule is for the protection of the Commonwealth, the grand jurors themselves and the witnesses, and is not concerned with 'protecting' the accused, whose constitutional and statutory rights are not affected by it one way or the other."

To the same effect is State v. Krause, 260 Wis. 313, 50 N.W.2d 439, at page 444. In that case decisions of the Indiana courts are referred to, as follows:

"In State v. Bates, 1897, 148 Ind. 610, 48 N.E. 2, 3, the court in its decision stated: 'Though obviously proper, and highly important, that the proceedings of a grand jury should be in secret, one who is indicted cannot take any advantage of it if they are not. Shattuck v. State, 11 Ind. 473. The secrecy is not required for his benefit, but otherwise.' "

The court in State v. Krause also cited State v. Rothrock, 45 Nev. 214, 200 P. 525, quoting therefrom, as follows:

" 'The reasons on which the sanction of secrecy which the common law gives to proceedings before grand juries is founded are said in the books to be threefold. One is that the utmost freedom of disclosure of alleged crimes and offenses by prosecutors may be secured. A second is that perjury and subornation of perjury may be prevented by withholding the knowledge of facts testified to before the grand jury, which, if known, it would be for the interest of the accused or their confederates to attempt to disprove by procuring false testimony. The third is to conceal the fact that an indictment is found against a party, in order to avoid the danger that he may escape and elude arrest upon it, before the presentment is made. * * * But when these purposes are accomplished, the necessity and expediency of retaining the seal of secrecy are at an end. *"Cessante ratione, cessat regula."* ' "

Inasmuch as the motion to suppress reveals that the grand jury inquiry now under discussion occurred in 1947, which was the year prior to the year in which the income tax liability hearings were held, and there is no allegation that the said grand jury had not been discharged, one might reasonably conclude that the need for secrecy as to proceedings before that grand jury had ceased before the hearing in question.

United States v. Coplon, 2 Cir., 185 F. 2d 629, 28 A.L.R.2d 1041, is distinguishable from the case at bar because in the Coplon case evidence against the defendant was obtained by tapping her telephone wires and a statutory provision, 47 U.S.C.A. § 605, was held to forbid the introduction of evidence obtained through information gained by such unauthorized wire tapping.

■ We conclude that, as a matter of Indiana statutory law, the provisions for secrecy of the grand jury were not for the benefit of taxpayer and hence he had no statutory right to have his motion to suppress sustained.

■ 2. But the taxpayer contends that his constitutional rights were invaded. He relies on cases involving unconstitutional searches and seizures by means of which sources of information and property were obtained and used against the person whose rights were invaded by such searches and seizures.

Such cases are: Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L. Ed. 746, which involved a statute which attempted to require an involuntary production of a party's private books and papers to be used against him or his property in a criminal or penal proceeding, or for a forfeiture; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, pertaining to a seizure of an accused's letters and private documents in his house in his absence by a United States marshal holding no warrant for his arrest and no search warrant; Silverthorne Lumber Company v. United

States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, which had to do with knowledge gained by the federal government's own wrong in obtaining papers by means of unlawful searches and seizures; Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, 1669, relating to an illegal seizure of property by government agents, without a search warrant; and McDonald v. United States, 335 U.S. 451, 455, 69 S.Ct. 191, 93 L.Ed. 153, 154, in which there was search and seizure of articles in the possession of the defendant in violation of the Fourth Amendment to the United States Constitution.[1]

In the case at bar there is no contention that there was any search or seizure of any information or property *belonging to taxpayer*. That being so, there are no constitutional rights of taxpayer involved in this proceeding. Hence, no constitutional ground existed for his motion to suppress evidence.

In this court petitioner taxpayer in writing submitted his case on the sole proposition that the Tax Court erred with respect to his motions to suppress evidence. Therefore what we have hereinbefore said entirely disposes of this case and the decisions of the Tax Court will be affirmed.

Affirmed.

---

1. Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312, cited by taxpayer, is not pertinent. It involved 47 U.S.C.A. § 605, excluding as evidence information resulting from certain types of interception of messages, it having been previously held in Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, that such unlawful interception does not amount to a search or seizure prohibited by the Fourth Amendment.