STATE of Indiana, Plaintiff-Appellant,

v.

Steven M. BOWMAN,
Defendant-Appellee.

No. 1–1080A268.

Court of Appeals of Indiana,
First District.

March 10, 1981.

Rehearing Denied April 20, 1981.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

James L. Brand, Michael J. Tosick, Free, Brand, Tosick, Van Winkle & Allen, Greenfield, for defendant-appellee.

NEAL, Presiding Judge.

The State of Indiana appeals a judgment of the Hancock Circuit Court dismissing a three count indictment for criminal recklessness, involuntary manslaughter, and reckless homicide returned by the Hancock County Grand Jury against defendant-appellee Steven M. Bowman (Bowman).

We reverse.

### STATEMENT OF THE FACTS

On August 31, 1978, the Hancock County Grand Jury returned the above indictment against Bowman for acts arising out of the operation of a motor vehicle. Bowman filed a motion to dismiss asserting that unauthorized persons were present while the grand jury was receiving testimony.

The evidentiary hearing on said motion disclosed that two, non-uniformed, investigating police officers (officers), after they had testified, were permitted by the prosecuting attorney and the grand jury to remain in the grand jury room while others testified before the grand jury. The officers asked no questions and made no statements during the entire proceeding, except occasionally to write a note or whisper some suggestion to the prosecuting attorney. The evidence further showed that James L. Brand, attorney for Bowman, was permitted, at his own request, to appear with two witnesses before the grand jury, examine them, and make statements. The officers discussed the grand jury testimony among themselves and the prosecuting attorney. All six grand jurors testified that the presence of the officers had no effect upon their decision.

Bowman relies upon the following evidence to support the court's ruling. The prosecuting attorney testified that the purpose of the officers' attendance during the grand jury proceeding was to listen to the testimony and assist him. Grand juror Bennett testified on cross examination as follows:

"Q. Did you feel that those guys [officers] should be in there?

A. No really, I felt that it was up to the juror and the prosecutor on it.

Q. You thought it would be more fair if they were not there, right?

A. Yow.

Q. Why do you feel that way?

A. Well, because they investigated it.

Q. You think that if they ought to be there the guy is to be investigating ought to be there too?

A. Yes.

  *   *   *   *   *   *

Q. So that I don't misunderstand your testimony, is it your feeling that the defendant, if the State is going to have their officers there, their chief investigating officers, that the defendant should have a right to be there too?

A. Yes.

Q. Okay, now you felt of course that if he wasn't there somehow he was injured in his rights, is that right?

A. Yes."

Grand juror Bennett concluded her testimony with a statement that the officers' continued presence had no effect upon her decision to indict.

Grand jurors Tungate and Percy testified that they were glad the officers remained so they could answer questions of grand jurors. However, there was no testimony as to what those questions were, or how many were asked, or in what manner they were asked. Grand juror Barksdale testified that the officers would give the prosecuting attorney information, who, in turn, would pass it on to the grand jury.

## ISSUE

The sole issue on appeal is whether it was contrary to law for the court to sustain Bowman's motion to dismiss.

Bowman urges us to dismiss this appeal because of certain inadequacies in the State's brief in failing to comply with Ind. Rules of Procedure, Appellate Rule 8.3(A)(4). Whenever possible, we prefer to address issues upon the merits.

## DISCUSSION AND DECISION

A defect in a grand jury proceeding may constitute a ground for dismissal of an indictment. Ind. Code 35–3.1–1–4(a)(3) (Supp.1979). An indictment may be dismissed upon any ground arising out of the grand jury proceeding that would have been cause for abatement of the action under prior law. Ind. Code 35–3.1–1–7(b)(4). The burden of proof is on the defendant to show by a preponderance of the evidence the facts essential to support a motion to dismiss. Ind. Code 35–3.1–1–8(f).

The only persons authorized to be present during grand jury proceedings are the prosecuting attorney or his deputy, Ind. Code 35–1–15–23, and a stenographer, Ind. Code 35–1–15–10.

▇ Under Indiana law, however, the presence and participation of an unauthorized person in the grand jury room, though erroneous, is not, *per se,* grounds for the dismissal of an indictment. The defendant must show prejudice to his substantial rights, and such prejudice is not presumed. *State v. Hardy,* (1980) Ind.App., 406 N.E.2d 313; *Fair v. State,* (1977) 266 Ind. 380, 364 N.E.2d 1007; *Rennert v. State* (1975) 263 Ind. 274, 329 N.E.2d 595; *State v. Bates,* (1897) 148 Ind. 610, 48 N.E. 2.

In *Rennert, supra,* our Supreme Court discussed this question in depth. There, an 18 year old witness, himself a suspect, was permitted to bring his parents and lawyer into the grand jury room during the proceedings. The witness's parents took no part in the proceedings but the lawyer cross-examined him. The court stated:

"The law regarding the presence in the grand jury room of those unauthorized by statute, see Ind. Code § 35–1–15–10, Burns § 9–810 (1974 Supp.) [Clerk-Stenographer], Ind. Code § 35–1–15–23, Burns § 9–826 (1956 Repl.) [Prosecutor], was set forth by this Court in *State v. Bates,* (1897), 148 Ind. 610, 612–13, 48 N.E. 2, 3:

'It is the rule that the presence of a stranger in the grand jury room during the investigation of a criminal charge, is not sufficient to abate an indictment, unless it appears that the person indicted was thereby injured in his substantial rights. *Shattuck v. State,* 11 Ind. 473; *Courtney v. State,* 5 Ind.App. 356 [32 N.E. 335]; *State v. Clough,* 49 Me. 573, 576; *State v. Kimball,* 29 Iowa 267; *Bennett v. State,* 62 Ark. 516, 535, 36 S.W. 947.

'In *State v. Clough, supra* [49 Me.], on page 576, the court said: "The mere fact that a stranger was present when an indictment was found, would not render it void. Though obviously proper, and highly important, that the proceedings of a grand jury should be in secret, one who is indicted cannot take any advantage of it if they are not. *Shattuck v. State,* 11 Ind. 473. The secrecy is not required for his benefit, —but otherwise. 'One reason may be to prevent the escape of the party, should he know that proceedings were in train against him; and another may be, to secure freedom of deliberation and opinion among the grand jurors, which would be impaired if the part taken by each might be known to the accused.' 1 Greenl.Ev., section 252."

Nor will any indictment be set aside on the ground of informalities or irregularities, when it is not shown that the defendant has been prejudiced in his substantial rights.'

Unable to demonstrate actual prejudice flowing from the presence of the outsiders, appellant urges us to adopt a *per se* rule modeled after the one utilized in the federal system of presuming prejudice when unauthorized persons appar [sic] before the grand jury. We decline to do so. The rule of *Bates* requiring proof of prejudice by an appellant collaterally attacking his conviction preserves all due process rights of the individual while protecting the interests of society in maintaining convictions justly secured. Moreover, the rule requiring proof of prejudice in attacking grand jury proceedings has been a workable one. *See e. g., Jaudon v. State* (1970) 255 Ind. 114, 262 N.E.2d 851. In the absence of any prejudice to the appellant, there was no error in the overruling of his motion to dismiss and his plea in abatement."

263 Ind. at 275–6, 329 N.E.2d 595.

*Rennert, supra,* was followed by *Fair, supra.* In *Fair*, it was stipulated, as the sole evidence, that two police officers were permitted to appear before a grand jury and question witnesses. The indictment was upheld and the conviction affirmed on the basis of *Rennert.* We upheld the dismissal in *Hardy, supra,* where the facts disclosed that after the prosecuting attorney had withdrawn from the case because of a conflict of interest, he appeared before the grand jury and largely conducted the proceedings. In the case of a recused prosecuting attorney's presence, his dominance of the grand jury was a controlling factor in the court's finding his presence prejudicial.

█ Insomuch as the determination of this issue involves a question of fact, a finding by the court will be disturbed only if clearly erroneous as unsupported by the facts and circumstances before the court together with any reasonable inferences to be drawn therefrom. *Lee v. State,* (1979) Ind., 392 N.E.2d 470.

Bowman has the burden of proving actual prejudice by a preponderance of the evidence. At trial, in his attempt to meet his burden of proof, Bowman's attorney posed questions to, and received simple "yes" answers from grand juror Bennett, as quoted in full above. The effect sought as a result of this questioning was that the grand jury proceeding was unfair because Bowman was not permitted to be there. Also, Bowman principally relies on the above testimony as sufficient evidence of probative value to show actual prejudice and thus support the trial court's decision.

█ It is to be observed that a grand jury proceeding is not a trial, or even an adversary proceeding. The finding of an indictment is only in the nature of an inquiry, or accusation, which afterwards must be tried. In grand jury proceedings, only evidence on one side is heard, and an indictment based on that *ex parte* evidence cannot be considered indicative of guilt. The functions of a grand jury are not judicial; they are merely inquisitorial. *Adams v. State,* (1938) 214 Ind. 603, 17 N.E.2d 84. In addition, grand jury proceedings are not cloaked in secrecy for the benefit of the defendant, but rather for the State. *State v. Bates, supra.* Grand juror Bennett's opinion of the proceeding's fairness is not relevant. The controlling question is, was the outcome, the decision to indict, affected by the continued presence of the officers. All grand jurors, including Bennett, testified that the presence of the officers in the proceedings did not affect their decision in any way.

Prejudice is defined by BLACK'S LAW DICTIONARY, 1343 (4th ed. 1968), as a "leaning toward one side of a cause for some reason other than a conviction of its justice." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1967), in relevant part, contains the following definition of prejudice: (1) "injury and damage in general"; (2) "detriment"; (3) "hurt"; (4) "leaning toward one side of a question from other considerations other than those belonging to it".

■ We are of the opinion that prejudice, as used in *Rennert* and *Fair*, requires proof of a causal connection between the presence of unauthorized persons in the grand jury proceeding and the result reached. An indictment resulting from prejudice refers to a harmful result to defendant reached, at least in part, by the presence of unauthorized persons rather than a result reached solely by considerations relevant to the inquiry. Though one grand juror was, perhaps, critical of what had happened, or of the system, the result was in no way altered by such belief. We cannot presume prejudice. Prejudice must be shown. It is implausible to assume that six grand jurors would be singularly unimpressed by the officers' incriminating testimony, and then be overborne with prejudice simply because of their continued mute presence.

For the above reasons, this cause is reversed, and the trial court is ordered to reinstate the indictment.

Reversed.

ROBERTSON and RATLIFF, JJ., concur.